UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| NEWTON MCNEALY,<br>　　Plaintiff | CIVIL ACTION |
| VERSUS | NO. 14-2181 |
| DARRYL BECNEL, ET AL.,<br>　　Defendants | SECTION: "E" (2) |

## ORDER

Before the Court are four motions: (1) a motion to dismiss for lack of subject matter jurisdiction and for insufficient service of process filed by Defendant Darryl J. Becnel ("Becnel"),[1] (2) a motion to dismiss for failure to state a claim, insufficient process, insufficient service of process, and lack of personal jurisdiction filed by Defendants United Steel, Paper, and Forestry, Rubber, Manufacturing, Energy, Allied Industrial and Service Workers International Union, Local Union 750 ("Union") and Union President Marty Poche ("Poche"),[2] a motion to dismiss for failure to state a claim filed by Defendants Motiva Enterprises, LLC ("Motiva") and Shell Chemical LP ("Shell"),[3] and a motion to submit evidence of manipulation and harassment under Rule 11(b)(1)–(4) filed by Plaintiff Newton McNealy.[4]

## BACKGROUND

On September 22, 2014, Plaintiff Newton McNealy filed a *pro se* complaint against Defendants Darryl J. Becnel, Becnel Law Firm, Shell Chemical LP, Motiva Enterprises, LLC, United Steel Workers Union, George Kestler, Matt Louque, Pat

---

[1] R. Doc. 5.
[2] R. Doc. 6.
[3] R. Doc. 27.
[4] R. Doc. 11.

Meche, David Mendel, Perry Montz, Brandon Dufrene, and Marty Poche.[5] On the face of the complaint, the basis for subject matter jurisdiction is unclear. The Court ordered Plaintiff to show good cause as to why subject matter jurisdiction is proper in federal court.[6] The order stated that if subject matter jurisdiction is invoked under 28 U.S.C. § 1331, Plaintiff shall identify the federal law(s) under which his claims arise. If subject matter jurisdiction is invoked under 28 U.S.C. § 1332, Plaintiff shall identify (1) his own citizenship and the citizenship of all named defendants, and (2) discuss why the amount in controversy exceeds $75,o00.

Plaintiff's response, filed on October 21, 2014, does not comply with the Court's order. The response appears to be an attempt to invoke diversity jurisdiction, as Plaintiff states he is domiciled in Louisiana and then states the Defendants are all within a 100-mile radius of the Eastern District of Louisiana and the amount in controversy exceeds $75,000.[7] What is clear from Plaintiff's response is that complete diversity is lacking in this case: Plaintiff is a citizen of Louisiana, and at least one Defendant is also a citizen of Louisiana.[8] Plaintiff's response also fails to "identify the federal law(s) under which his claims arise," if any, as ordered by the Court.[9] The Defendants responded to Plaintiff's deficient response with the three instant motions to dismiss.

---

[5] R. Doc. 1.
[6] R. Doc. 3.
[7] R. Doc. 4.
[8] *See* R. Doc. 4 (stating Plaintiff "is of full age and a domicile of Ascension Parish, State of Louisiana," "Defendant [] Darryl J. Becnel, has a law office in St. John Parish located in LaPlace, Louisiana," and Defendants George Kestler, Matt Louque, Pat Meche, David Mendel, Perry Montz, Brandon Dufrene, and Marty Poche "all live in various parishes, in the state of Louisiana"); *see also* R. Doc. 5 (stating "both Darryl J. Becnel and Newton McNealy are citizens . . . of the State of Louisiana").
[9] R. Doc. 3, p. 1. Plaintiff's response does state: "[The Defendants] intentionally violated all [his] civil, liberty and constitutional rights," "[t]he things that they did to me were in violations of local, state, federal and global laws," and "[s]ubject matter jurisdiction is proper in federal court because it was a civil rights violation." R. Doc. 4. However, as addressed *infra*, the "conclusory mention" that a defendant's conduct violates civil and constitutional rights does not satisfy the well-pleaded complaint rule. *See infra* note 39.

In the Defendants' motions, they identify certain federal laws they speculate Plaintiff intends to rely on to support his claims. These claims include an action under § 301 of the Labor Management Relations Act, 29 U.S.C. § 185, for breach of a collective bargaining agreement by the employer and for breach of the duty of fair representation by the Union[10] and an action under Title VII of the Civil Rights Act of 1964, as amended.[11] Although the Defendants identify these as possible federal claims, they argue any such claims should be dismissed for failure to state a claim because they are pleaded in a conclusory fashion and, in any case, are untimely.[12]

## STANDARD OF LAW

"Federal courts are courts of limited jurisdiction; without jurisdiction conferred by statute, they lack the power to adjudicate claims."[13] A motion to dismiss under Rule 12(b)(1) of the Federal Rules of Civil Procedure challenges a federal court's subject-matter jurisdiction.[14] Under Rule 12(b)(1), "[a] case is properly dismissed for lack of subject matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate the case."[15] "Lack of subject-matter jurisdiction may be found in the complaint alone, the complaint supplemented by the undisputed facts as evidenced in the record, or the complaint supplemented by the undisputed facts plus the court's resolution of the disputed facts."[16] The party asserting jurisdiction bears the burden of establishing that the district court possesses subject matter jurisdiction.[17]

---

[10] R. Doc. 6-1, p. 1.
[11] R. Doc. 27-1, p. 1.
[12] R. Doc. 6-1, pp. 1–5; R. Doc. 27-1, p. 1.
[13] *In re FEMA Trailer Formaldehyde Products Liab. Litig. (Mississippi Plaintiffs)*, 668 F.3d 281, 286 (5th Cir. 2012).
[14] *See* Fed. R. Civ. P. 12(b)(1).
[15] *Home Builders Ass'n of Miss., Inc. v. City of Madison, Miss.*, 143 F.3d 1006, 1010 (5th Cir. 1998) (internal quotation marks and citation omitted).
[16] *In re FEMA*, 668 F.3d at 287.
[17] *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001).

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for dismissal of a claim if the claimant fails to set forth a factual allegation in support of its claim that would entitle it to relief.[18] Those "'[f]actual allegations must be enough to raise a right to relief above the speculative level.'"[19] "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"[20] "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[21] The Court must accept all well-pleaded facts as true and draw all reasonable inferences in favor of the non-moving party,[22] but the Court need not accept as true legal conclusions couched as factual allegations.[23]

"It is well-established that 'pro se complaints are held to less stringent standards than formal pleadings drafted by lawyers.'"[24] "Despite [the] general willingness to construe pro se filings liberally, [the courts] still require pro se parties to fundamentally 'abide by the rules that govern the federal courts.'"[25] Among other requirements, Plaintiffs proceeding *pro se* "must properly plead sufficient facts that, when liberally construed, state a plausible claim to relief, serve defendants, [and] obey discovery orders."[26] Additionally, "regardless of whether the plaintiff is proceeding *pro se* or is

---

[18] *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *see also Cuvillier v. Taylor*, 503 F.3d 397, 401 (5th Cir. 2007).
[19] *Gonzalez v. Kay*, 577 F.3d 600, 603 (5th Cir. 2009) (quoting *Twombly*, 550 U.S. at 555).
[20] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570).
[21] *Id.*
[22] *Lormand v. U.S. Unwired, Inc.*, 565 F.3d 228, 232 (5th Cir. 2009).
[23] *Iqbal*, 556 U.S. at 678.
[24] *Taylor v. Books A Million, Inc.*, 296 F.3d 376, 378 (5th Cir. 2002) (quoting *Miller v. Stanmore*, 636 F.2d 986, 988 (5th Cir. 1981)).
[25] *E.E.O.C. v. Simbaki, Ltd.*, 767 F.3d 475, 484 (5th Cir. 2014), *as revised* (Sept. 18, 2014) (quoting *Frazier v. Wells Fargo Bank, N.A.*, 541 F. App'x 419, 421 (5th Cir. 2013) (internal quotation marks omitted)).
[26] *Id.* (citations omitted).

4

represented by counsel, 'conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss.'"[27]

## LAW AND ANALYSIS

The Court begins by noting its cognizance of Plaintiff's *pro se* status. However, even construing the complaint and Plaintiff's response to the Court's show cause order liberally, they fall short of the federal pleading standard and also fail to assuage the Court's concerns relating to whether it has subject matter jurisdiction over Plaintiff's claims.

Defendants argue Plaintiff's conclusory, vague allegations fail to put them on notice of the grounds on which Plaintiff's claims rest. "If [a] complaint is ambiguous or does not contain sufficient information to allow a responsive pleading to be framed, a motion under Rule 12(b)(6) is not appropriate; the proper remedy is a motion for a more definite statement under Rule 12(e)."[28] The Court construes the Defendants' motions to dismiss as motions for a more definite statement.

An amended complaint with more definite statements is necessary in this case for two reasons.[29] First, the original complaint does not provide "a short and plain statement of the claim showing that the pleader is entitled to relief," as required by Rule 8(a)(2).[30] A "short and plain statement" is one that "give[s] the defendant fair notice of

---

[27] *Taylor*, 296 F.3d at 378 (quoting *S. Christian Leadership Conference v. Supreme Court of the State of La.*, 252 F.3d 781, 786 (5th Cir. 2001)).
[28] Wright & Miller, *Federal Practice and Procedure*, § 1356 (3d ed. 2013); *accord Clark v. Amoco Prod. Co.*, 794 F.2d 967, 970 (5th Cir. 1986) ("Rule 12(b)(6) should not be used as a substitute for a request for a more definite pleading within the meaning of Fed. R. Civ. P. 8.") (citations omitted). *See also Gupta v. Lynch*, No. 12–1787, 2013 WL 3187273, at *5 (E.D. La. June 20, 2013) ("If [a defendant] is unsure as to the legal theories asserted against him, a motion for a more definite statement under Rule 12(e) is the proper procedural vehicle for seeking clarification.").
[29] *See Murungi v. Tex. Guaranteed*, 646 F. Supp. 2d 804, 811 (E.D. La. 2009).
[30] Fed. R. Civ. P. 8(a)(2).

what the . . . claim is and the grounds upon which it rests."[31] Second, in his opposition, Plaintiff requests "in the alternative to dismissal [that] he [be] allowed under FRCP Rule 12(e) to provide a more definite statement of the facts provide[d] the court deems his complaint to fall short of the material requisite to state a claim."[32] Rule 15(a) "requires the trial court to grant leave to amend freely, and the language of this rule evinces a bias in favor of granting leave to amend."[33] A district court must possess a "substantial reason" to deny a motion under Rule 15(a).[34] No such reason exists in this case. There is no scheduling order, and the record does not reflect that any discovery has taken place. Moreover, even if the Defendants' motions to dismiss for failure to state a claim were granted, the Court still would allow Plaintiff an opportunity to amend his complaint. Accordingly, the Court grants Plaintiff leave to file an amended complaint clarifying the claims and factual allegations being asserted against each Defendant.

Additionally, this Court is a court of limited jurisdiction. Plaintiff is cautioned that, if he does not clarify the basis of the Court's subject matter jurisdiction, this entire action will be dismissed without prejudice for lack of subject matter jurisdiction. Because there is no diversity jurisdiction, the Court must have federal question

---

[31] *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (alternation in original) (internal quotation marks omitted).
[32] R. Doc. 28-1, p. 3. *See Morin v. Moore*, 309 F.3d 316, 323 (5th Cir. 2002) ("This Court has held, that in the interest of justice a revised theory of the case set forth in the plaintiff's opposition should be construed as a motion to amend the pleadings filed out of time and granted by the district court pursuant to the permissive command of Rule 15." (citing *Sherman v. Hallbauer*, 455 F.2d 1236, 1241 (5th Cir. 1972))); *Stover v. Hattiesburg Pub. Sch. Dist.*, 549 F.3d 985, 989 n.2 (5th Cir. 2008) (citing with approval cases in which the district court construed new allegations in opposition memorandum as motion to amend under Rule 15(a)).
[33] *Lyn-Lea Travel Corp. v. Am. Airlines, Inc.*, 283 F.3d 282, 286 (5th Cir. 2002) (internal quotation marks omitted).
[34] *Smith v. EMC Corp.*, 393 F.3d 590, 595 (5th Cir. 2004). In deciding whether to grant leave under Rule 15(a), courts may consider factors such as "undue delay, bad faith or dilatory motive on the part of the movant, repeated failures to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, and futility of the amendment." *Jones v. Robinson Prop. Grp., LP*, 427 F.3d 987, 994 (5th Cir. 2005).

jurisdiction under 28 U.S.C. § 1331.[35] Section 1331 states the federal district courts "have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."[36] The determination of whether an action "arises under" the Constitution, laws, or treaties of the United States is made pursuant to the "well-pleaded complaint rule."[37]

In this case, Plaintiff's complaint does not reference a specific federal law or constitutional provision under which his claims are made. Although Plaintiff's response to the show cause order states "[the Defendants] intentionally violated all my civil, liberty and constitutional rights," "[t]he things that they did to me were in violations of local, state, federal and global laws," and "[s]ubject matter jurisdiction is proper in federal court because it was a civil rights violation,"[38] "the conclusory mention that a private actor's conduct violates civil and constitutional rights does not satisfy the well-pleaded complaint rule. Such a statement documents an effect or injury; it does not state a cause of action."[39] Thus, Plaintiff's allegations of such deprivations are insufficient to assert a federal claim and confer subject matter jurisdiction on the Court. Accordingly, Plaintiff's amended complaint (1) must clarify (i) the federal claim or claims Plaintiff is asserting by referencing a particular federal law or constitutional provision and (ii) which Defendant or Defendants he is asserting each federal claim against, and (2) allege sufficient facts in support of his federal and state-law claims to state a claim for relief that is plausible on its face. Without federal question jurisdiction, this Court lacks to

---

[35] The Court would also need federal question jurisdiction in order for it to exercise supplemental jurisdiction over any state-law claims asserted by Plaintiff.
[36] 28 U.S.C. 1331.
[37] *See Smith v. Bank One Corp.*, No. 03-3372, 2004 WL 1274480, at *1 (E.D. La. June 7, 2004).
[38] R. Doc. 4.
[39] *Smith*, 2004 WL 1274480, at *2 ("The court is not bound by the stray labels placed on plaintiff's claims. The existence of federal question jurisdiction cannot be based on facts not alleged in the complaint." (citing *Matthews v. Stewart*, 207 F.Supp.2d 496, 498 (M.D. La. 2001))).

power to rule on Plaintiff's case. Furthermore, even though Plaintiff is proceeding *pro se*, he must properly serve the Defendants according to the Federal Rules of Civil Procedure.[40]

Plaintiff also filed a motion to submit evidence of manipulation and harassment under Rule 11(b)(1)–(4)[41]. The motion states it "shows how and when defendants, Shell and Motiva are using manipulation to have plaintiff's case discharged in Federal Court through their attorney: Attorney Stauss III."[42] Plaintiff states that "Shell, Motiva or their attorney of record [has not] contacted plaintiff pertaining to this federal Civil Case" but "Attorney Stauss sent Plaintiff a letter which states that plaintiff had to answer a Second Set of Discovery Request. Plaintiff have [sic] not answered the First Set of Discovery

---

[40] *See generally* Fed. R. Civ. P. 4; Fed. R. Civ. P. 5. For any defendants who Plaintiff has not yet properly served, Plaintiff must serve them with the summons, complaint, and amended complaint. *See* Fed. R. Civ. P. 4(c)(1) ("A summons must be served with a copy of the complaint. The plaintiff is responsible for having the summons and complaint served within the time allowed by Rule 4(m) and must furnish the necessary copies to the person who makes service."); Fed. R. Civ. P. 4(c)(2) ("Any person who is at least 18 years old and not a party may serve a summons and complaint."); Fed. R. Civ. P. 4(e) ("Unless federal law provides otherwise, an individual--other than a minor, an incompetent person, or a person whose waiver has been filed--may be served in a judicial district of the United States by: (1) following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made; or (2) doing any of the following: (A) delivering a copy of the summons and of the complaint to the individual personally; (B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or (C) delivering a copy of each to an agent authorized by appointment or by law to receive service of process."). Proof of service must be made to the Court pursuant to Fed. R. Civ. P. 4(l) ("Unless service is waived, proof of service must be made to the court. Except for service by a United States marshal or deputy marshal, proof must be by the server's affidavit."). With respect to the defendants who have already been properly served with the summons and original complaint, Plaintiff must properly serve them with the amended complaint pursuant to Fed. R. Civ. P. 5(b)(1)–(2) ("If a party is represented by an attorney, service under this rule must be made on the attorney unless the court orders service on the party. . . . A paper is served under this rule by: (A) handing it to the person; (B) leaving it: (i) at the person's office with a clerk or other person in charge or, if no one is in charge, in a conspicuous place in the office; or (ii) if the person has no office or the office is closed, at the person's dwelling or usual place of abode with someone of suitable age and discretion who resides there; (C) mailing it to the person's last known address--in which event service is complete upon mailing; (D) leaving it with the court clerk if the person has no known address; (E) sending it by electronic means if the person consented in writing--in which event service is complete upon transmission, but is not effective if the serving party learns that it did not reach the person to be served; or (F) delivering it by any other means that the person consented to in writing--in which event service is complete when the person making service delivers it to the agency designated to make delivery.").
[41] R. Doc. 11.
[42] *Id.*, p. 1.

Request because this is the first time (just after I file a complaint in Federal Court) that Shell or Motiva contacted plaintiff."[43] The motion states "Plaintiff continues to experience emotional, psychological and physical pain from Shell and Motiva through their attorney, Attorney Stauss."[44] Plaintiff attached to his motion numerous communications that appear to relate to a pending workers' compensation matter.[45] Defendants Shell and Motiva did not file a response to Plaintiff's motion.

The Court construes Plaintiff's motion as a motion for sanctions under Rule 11(c) of the Federal Rules of Civil Procedure. "A motion for sanctions must be made separately from any other motion and must describe the specific conduct that allegedly violates Rule 11(b)."[46] Rule 11(b) addresses the certifications an attorney or unrepresented party makes when presenting to the court a pleading, written motion, or other paper.[47] The attorney mentioned in Plaintiff's motion, Edward Stauss, is not Motiva or Shell's counsel of record in the above-captioned matter.[48] Rather, Mr. Stauss appears to be involved in Plaintiff's workers' compensation matter. The motion also fails to identify the specific conduct that Plaintiff contends violated Rule 11(b). From the documents provided, the Court does not find a basis for imposing sanctions on Shell, Motiva, or their lawyers. Accordingly, Plaintiff's motion to submit evidence of manipulation and harassment under Rule 11(b)(1)–(4) is denied.

## CONCLUSION

---

[43] R. Doc. 11-1, p. 1.
[44] *Id.*, p. 2.
[45] *See, e.g.*, R. Doc. 11-2.
[46] Fed. R. Civ. P. 11(c)(2).
[47] Fed. R. Civ. P. 11(b).
[48] Shell and Motiva are represented by Thomas J. McGoey, II, Kindall C. James, and William B. London of Liskow & Lewis.

**IT IS ORDERED** that the motions to dismiss filed by Defendant Darryl J. Becnel;[49] Defendants United Steel, Paper, and Forestry, Rubber, Manufacturing, Energy, Allied Industrial and Service Workers International Union, Local Union 750 and Union President Marty Poche;[50] and Defendants Motiva Enterprises, LLC and Shell Chemical LP[51] are **DENIED WITHOUT PREJUDICE**.

**IT IS FURTHER ORDERED** that Plaintiff is to file an Amended Complaint in accordance with the Court's instructions by **June 29, 2015**.  Plaintiff shall properly serve all Defendants by **August 28, 2015**.[52]

**IT IS FURTHER ORDERED** that Plaintiff's motion to submit evidence of manipulation and harassment under Rule 11(b)(1)–(4)[53] is **DENIED**.

New Orleans, Louisiana, this 29th day of May, 2015.

_____
**SUSIE MORGAN**
**UNITED STATES DISTRICT JUDGE**

---

[49] R. Doc. 5. Although Defendant Darryl J. Becnel's motion to dismiss is for lack of subject-matter jurisdiction, allowing an amended complaint will permit the Plaintiff an opportunity to identify federal claims that support jurisdiction.
[50] R. Doc. 6.
[51] R. Doc. 27.
[52] The Court previously ordered Plaintiff to effect proper service of the summons and complaint on Defendants George Kestler, Matt Louque, Pat Meche, David Mendel, Perry Montz, and Brandon Dufrene by August 28, 2015. R. Doc. 35. The Court now **REVISES** its previous order. Plaintiff must properly serve all Defendants by August 28, 2015. This means that with respect to the aforementioned individual defendants who have not yet been properly served, Plaintiff must properly serve them with a summons and both the original and amended complaints. *See supra* note 40 (citing Fed. R. Civ. P. 4). With respect to those defendants who have been properly served with the summons and complaint, Plaintiff must properly serve them with just the amended complaint. *See supra* note 40 (citing Fed. R. Civ. P. 5).
[53] R. Doc. 11.