UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **NEWTON MCNEALY,**<br>    **Plaintiff** | **CIVIL ACTION** |
| **VERSUS** | **NO. 14-2181** |
| **DARRYL J. BECNEL, ET AL.,**<br>    **Defendants** | **SECTION: "E" (2)** |

## ORDER AND REASONS

Before the Court is Plaintiff Newton McNealy's Notice of Objection.[1] The Court will consider this motion as a motion for reconsideration under Federal Rule of Civil Procedure 59(e). Defendants filed eight dispositive motions.[2] On October 17, 2016, the Court issued its order granting in part and deferring in part these dispositive motions.[3] In Plaintiff's motion, he objects to various rulings of the Court with respect to the granting of certain dispositive motions.[4]

A motion for reconsideration pursuant to Rule 59(e) of the Federal Rules of Civil Procedure "must clearly establish either a manifest error of law or fact or must present newly discovered evidence and cannot be used to raise arguments which could, and should, have been made before the judgment issued."[5] A motion for reconsideration, however, "is 'not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of [the order].'"[6] "The Court is mindful that '[r]econsideration of a judgment after its entry is an extraordinary remedy

---

[1] R. Doc. 241.
[2] R. Doc.s 117, 119, 121, 138, 146, 210, 215, 216.
[3] R. Doc. 237.
[4] R. Doc. 241.
[5] *Schiller v. Physicians Resource Group Inc.*, 342 F.3d 563, 567 (5th Cir. 2003) (citations omitted) (internal quotation marks omitted).
[6] *Lacoste v. Pilgrim Int'l*, No. 07-2904, 2009 WL 1565940, at *8 (E.D. La. June 3, 2009) (Vance, J.) (quoting *Templet v. HydroChem Inc.*, 367 F.3d 473, 478–79 (5th Cir. 2004)).

that should be used sparingly.'"[7] "When there exists no independent reason for reconsideration other than mere disagreement with a prior order, reconsideration is a waste of judicial time and resources and should not be granted."[8]

In deciding motions under the Rule 59(e) standards, the courts in this district have considered the following factors:

(1)  whether the movant demonstrates the motion is necessary to correct manifest errors of law or fact upon which the judgment is based;

(2)  whether the movant presents new evidence;

(3)  whether the motion is necessary in order to prevent manifest injustice; and

(4)  whether the motion is justified by an intervening change in the controlling law.[9]

Plaintiff Newton McNealy did not provide any support to justify his motion for reconsideration under any of the factors listed above. "Mere disagreement with a prior ruling . . . does not support a motion for reconsideration, and the Court, therefore, finds reconsideration is unwarranted."[10]

**IT IS ORDERED** that Plaintiff's motion for reconsideration[11] is **DENIED**.

**New Orleans, Louisiana, this 27th day of October, 2016.**

_____
**SUSIE MORGAN**
**UNITED STATES DISTRICT JUDGE**

---

[7] *Castrillo v. Am. Home Mortg. Servicing, Inc.*, No. 09-4369, 2010 WL 1424398, at *4 (alteration in original) (quoting *Templet,* 367 F.3d at 479).

[8] *Lightfoot v. Hartford Fire Ins. Co.*, No. 07-4833, 2012 WL 711842, at *3 (E.D. La. Mar. 5, 2012) (Brown, J.).

[9] *Castrillo*, 2010 WL 1424398, at *4. The Court notes that the time limits of Rule 59 do not apply in this matter because the order appealed is interlocutory. Rules 59 and 60 set forth deadlines for seeking reconsideration of final judgments. *See Carter v. Farmers Rice Milling Co., Inc.*, 33 F. App'x 704 (5th Cir. 2002); *Lightfoot*, 2012 WL 711842, at *2.

[10] *Lightfoot*, 2012 WL 711842, at *3.

[11] R. Doc. 241.