UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **NEWTON MCNEALY,**<br>    **Plaintiff** | **CIVIL ACTION** |
| **VERSUS** | **NO. 14-2181** |
| **DARRYL J. BECNEL, ET AL.,**<br>    **Defendants** | **SECTION: "E" (2)** |

## ORDER AND REASONS

Before the Court is a Motion to Clarify filed by the Federal Defendant, The Equal Employment Opportunity Commission ("EEOC" or "Federal Defendant").[1] On October 17, 2016, the Court issued its Order and Reasons[2] with respect to the Defendants' eight dispositive motions.[3] On October 18, 2016, the Federal Defendant filed its Motion to Clarify.[4] The EEOC seeks confirmation that the lone remaining purported state law tort claim as to the Federal Defendant is also dismissed, for the same reasons articulated in Court's Order and Reasons as to the Plaintiff's Federal Tort Claims Act claims.

As the Court stated in its October 17, 2016 Order and Reasons:

> The EEOC correctly points out that McNealy's claims against it are barred under the doctrine of sovereign immunity. The basic rule of federal sovereign immunity is that the United States cannot be sued without the consent of Congress. This immunity from suit extends to the agencies and officers of the United States, such as the EEOC. Thus, suits against agencies of the United States are barred, unless there is a waiver of sovereign immunity.[5]

The Court specifically addressed Plaintiff's Federal Tort Claims Act claims and stated:

> It is well-accepted the FTCA is the exclusive remedy for tort suits against the United States, and the FTCA thus operates as a limited waiver of sovereign immunity. The FTCA's waiver of sovereign immunity is, however,

---

[1] R. Doc. 238.
[2] R. Doc. 237.
[3] R. Docs. 117, 119, 121, 138, 146, 210, 215, 216.
[4] R. Doc. 238.
[5] R. Doc. 237, at 30-31 (internal quotations and citations omitted).

1

subject to several exceptions. As a general rule, it is beyond dispute that the United States, and not the responsible agency or employee, is the proper party defendant in an FTCA suit. Thus, McNealy does not have a valid FTCA claim against the EEOC.[6]

The Federal Defendant argues, "[T]o the extent a state law claim as to the Federal Defendant may have been alleged by Plaintiff, pursuant to La. Civ. Code art. 2315, such claims should also be dismissed for the exact same reasons stated in the Court's Order and Reasons."[7] Specifically, the Federal Defendant adds, "it is well settled that the FTCA is the *exclusive remedy* for tort claims against the United States (and its agencies)."[8]

The Court agrees with the Federal Defendant. Pursuant to 28 U.S.C. § 2675(a), no action in tort may be instituted against the United States "unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been denied by the agency in writing."[9] Only when the claim has been denied or six months have passed since the administrative claim was filed may a plaintiff bring suit in federal district court on the claim.[10] Any failure to comply with the FTCA's administrative exhaustion requirement is a jurisdictional defect.[11]

The regulations at 28 C.F.R. Part 14 set forth the procedural requirements for submitting an administrative tort claim to an agency. Under 28 C.F.R. § 14.2, an individual may file an administrative claim for damages against a federal agency by submitting a Standard Form 95 or other written notice of the claim to the agency that

---

[6] *Id.* at 33 (internal citations and quotations omitted).
[7] R. Doc. 238-1, at 2.
[8] *Id.* (emphasis in original).
[9] 28 U.S.C. § 2675(a).
[10] *See id.*; 28 U.S.C. § 2401(b).
[11] *See, e.g., McNeil v. United States*, 508 U.S. 106, 112 (1993); *Jerves v. United States*, 996 F.2d 517, 519 (9th Cir. 1992); *Plylyer v. United States*, 900 F.2d 41, 42 (4th Cir. 1990); *Williamson v. U.S. Dep't of Agriculture*, 815 F.2d 368, 378 (5th Cir. 1987); *Henderson v. United States* (785 F.2d 121, 123 (4th Cir. 1986); *Keene Corp v. United States*, 700 F.2d 836, 840-41) (2d Cir. 1983), *cert denied*, 464 U.S. 864 (1983).

allegedly committed the tort. Plaintiff failed to submit an administrative tort claim to the relevant federal agency as required.

Accordingly, **IT IS ORDERED** that the Federal Defendant's Motion for Clarification[12] is hereby **GRANTED.**

**IT IS FURTHER ORDERED** that Plaintiff's federal and state law tort claims as to the Federal Defendant are hereby **DISMISSED** without prejudice for lack of subject matter jurisdiction.

**New Orleans, Louisiana, this 1st day of November, 2016.**

*Susie Morgan*
**SUSIE MORGAN
UNITED STATES DISTRICT JUDGE**

---

[12] R. Doc. 238.