UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **NEWTON MCNEALY,**<br>    **Plaintiff** | **CIVIL ACTION** |
| **VERSUS** | **NO. 14-2181** |
| **DARRYL J. BECNEL, ET AL.,**<br>    **Defendants** | **SECTION: "E" (2)** |

## ORDER AND REASONS

Before the Court is Plaintiff's motion to vacate.[1] The Court will consider this motion as a motion for reconsideration under Federal Rule of Civil Procedure 59(e).[2] On October 17, 2016, the Court issued its Order and Reasons[3] granting in part and deferring in part Defendants' eight dispositive motions.[4] Defendants United Steel Workers Union, Local 750 ("Local Union") and United Steel, Paper and Forestry, Rubber, Manufacturing, Energy, Allied Industrial and Service Workers International Union ALF-CIO ("USW International") oppose the Plaintiff's motion.[5] For the following reasons, the Plaintiff's motion is **DENIED.**

A motion for reconsideration pursuant to Rule 59(e) of the Federal Rules of Civil Procedure "must clearly establish either a manifest error of law or fact or must present newly discovered evidence and cannot be used to raise arguments which could, and

---

[1] R. Doc. 252.
[2] Plaintiff filed his motion under Federal Rule of Civil Procedure 60. Plaintiff's motion, however, was filed less than 28 days after the Court's Order and Reasons and therefore the court will treat this motion as a Rule 59(e) motion to alter or amend a judgment. *See In re FEMA Trailer Formaldehyde Prod. Liab. Litig.*, 2011 WL 6130788, at *3 (E.D. La. Dec. 7, 2011) (discussing the differences between Rules 59 and 60 and stating, "Which rule applies depends upon when the motion was filed.") (citing *Texas A&M Research Found. v. Magna Transp., Inc.*, 338 F.3d 394, 400 (5th Cir. 2003)).
[3] R. Doc. 237.
[4] R. Docs. 117, 119, 121, 138, 146, 210, 215, 216.
[5] R. Docs. 261, 262.

should, have been made before the judgment issued."[6] A motion for reconsideration, however, "is 'not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of [the order].'"[7] "The Court is mindful that '[r]econsideration of a judgment after its entry is an extraordinary remedy that should be used sparingly.'"[8] "When there exists no independent reason for reconsideration other than mere disagreement with a prior order, reconsideration is a waste of judicial time and resources and should not be granted."[9]

In deciding motions under the Rule 59(e) standards, the courts in this district have considered the following factors:

(1) whether the movant demonstrates the motion is necessary to correct manifest errors of law or fact upon which the judgment is based;

(2) whether the movant presents new evidence;

(3) whether the motion is necessary in order to prevent manifest injustice; and

(4) whether the motion is justified by an intervening change in the controlling law.[10]

In his motion, Plaintiff states he has newly discovered evidence demonstrating he was denied meaningful access to the EEOC and that his attempts to exhaust his administrative remedies were futile.[11] This newly discovered evidence includes an audio

---

[6] *Schiller v. Physicians Resource Group Inc.*, 342 F.3d 563, 567 (5th Cir. 2003) (citations omitted) (internal quotation marks omitted).
[7] *Lacoste v. Pilgrim Int'l*, No. 07-2904, 2009 WL 1565940, at *8 (E.D. La. June 3, 2009) (Vance, J.) (quoting *Templet v. HydroChem Inc.*, 367 F.3d 473, 478–79 (5th Cir. 2004)).
[8] *Castrillo v. Am. Home Mortg. Servicing, Inc.*, No. 09-4369, 2010 WL 1424398, at *4 (alteration in original) (quoting *Templet,* 367 F.3d at 479).
[9] *Lightfoot v. Hartford Fire Ins. Co.*, No. 07-4833, 2012 WL 711842, at *3 (E.D. La. Mar. 5, 2012) (Brown, J.).
[10] *Castrillo*, 2010 WL 1424398, at *4. The Court notes that the time limits of Rule 59 do not apply in this matter because the order appealed is interlocutory. Rules 59 and 60 set forth deadlines for seeking reconsideration of final judgments. *See Carter v. Farmers Rice Milling Co., Inc.*, 33 F. App'x 704 (5th Cir. 2002); *Lightfoot*, 2012 WL 711842, at *2.
[11] *See* R. Doc. 252-1, at 18.

tape recorded during Plaintiff's third visit to the EEOC regarding the status of his charges of discrimination, a letter sent by the EEOC confirming the meetings allegedly demonstrating the Plaintiff executed intake questionnaires on both of his previous visits and a letter from the Social Security Administration declaring the Plaintiff was permanently disabled as of the day after the incidents of November 8, 2011.[12]

The Fifth Circuit has consistently explained that Rule 59(e) relief based on newly discovered evidence is only appropriate if the movant sufficiently demonstrates the newly discovered evidence was previously unavailable.[13] In addition, a Rule 59 motion based on new evidence may be denied if the movant fails to adequately explain why the evidence was not available prior to judgment.[14]

In his motion, Mr. McNealy does not provide any explanation as to why this evidence could not have been discovered prior to the Court's judgment rendered on October 17, 2016.[15] It is clear that Plaintiff was either in possession, or could have been in possession, of this evidence prior to the Court's ruling. First, as stated by Mr. McNealy, the audio recording provided was taped during Mr. McNealy's third visit to the EEOC,[16] which occurred on March 19, 2015.[17] Second, the letter sent to Mr. McNealy confirming his earlier meetings with the EEOC, and allegedly demonstrating the Plaintiff executed

---

[12] *See* R. Doc. 252-1, at 6-10 (discussing Exs. A, B, C). Counsel for Plaintiff delivered a copy of the audio recording to chambers labeled as Ex. A.
[13] *See, e.g., Schiller v. Physicians Res. Grp. Inc.*, 342 F.3d 563, 569 (5th Cir. 2003).
[14] *See id. See also, Matador Petroleum Corp. v. St. Paul Surplus Lines Ins. Co.*, 174 F.3d 653, 658 n.1 (5th Cir. 1999) (citing *Becerra v. Asher*, 105 F.3d 1042, 1047 n.20 (5th Cir. 1997) ("When a party offers alleged newly-discovered evidence, the district court should consider whether the omitted evidence was available to the moving party prior to the time for filing his response to the summary judgment motion.")).
[15] Plaintiff only states that he came in possession of this evidence on October 27, 2016. *See* R. Doc. 252-1, at 6, 8.
[16] R. Doc. 252-1, at 6.
[17] The letter attached to Plaintiff's motion clearly states Mr. McNealy's third visit took place on March 19, 2015. *See* 252-4, at 1 Ex. B.

intake questionnaires on both of his previous visits, is dated March 5, 2015.[18] Third, the letter sent to Mr. McNealy by the Social Security Administration is dated May 24, 2016.[19]

**IT IS ORDERED** that Plaintiff's motion[20] is **DENIED**[21].

**New Orleans, Louisiana, this 16th day of November, 2016.**

_____
**SUSIE MORGAN
UNITED STATES DISTRICT JUDGE**

---

[18] *See id.*

[19] *See* R. Doc. 252-4, at 2 Ex. C.

[20] R. Doc. 252.

[21] In their oppositions, Defendants Local Union and USW International oppose Plaintiff's motion to the extent Plaintiff appears to assert a claim of fraud. R. Doc. 261, at 2; R. Doc. 262, at 2. Defendants argue, to the extent Plaintiff is asserting a new claim, the Court previously instructed the Plaintiff to outline all causes of action against each Defendant, and Plaintiff never identified fraud as a possible cause of action. *Id.* Specifically, during a telephone status conference held on June 30, 2016, the Plaintiff identified for the court and opposing counsel each cause of action alleged against each individual Defendant. R. Doc. 209. Following the conference, the Court provided a chart reflecting all of the alleged causes of action against each Defendant. R. Doc. 209-1. The Court agrees the Plaintiff never identified fraud as a possible cause of action. In addition, following the most recent status conference, the Court issued its order allowing the Plaintiff to file a fourth amended complaint but explicitly prohibited the Plaintiff from alleging any additional causes of action. R. Doc. 245, at 2. As a result, Plaintiff's motion is DENIED to the extent it alleges a new cause of action against any Defendant.