UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **NEWTON MCNEALY,**<br>    **Plaintiff** | **CIVIL ACTION** |
| **VERSUS** | **NO. 14-2181** |
| **DARRYL J. BECNEL, ET AL.,**<br>    **Defendants** | **SECTION: "E" (2)** |

## ORDER AND REASONS

Before the Court is a motion for reconsideration[1] of its motion for summary judgment[2] filed by Defendant, Metropolitan Life Insurance Company ("MetLife"). On October 17, 2016, the Court issued its Order and Reasons[3] with respect to the Defendants' eight dispositive motions.[4] In its Order, the Court dismissed Plaintiff Newton McNealy's ERISA claim against MetLife under 29 U.S.C. § 1001 for failure to exhaust administrative remedies.[5] In addition, the Court deferred ruling on Plaintiff's state law claims until after its rulings on the remaining motions for summary judgment.[6] Following a status conference on October 28, 2016, the Court issued an order allowing MetLife to file a motion to reconsider with respect certain state law claims MetLife believes are preempted by federal law.[7] On November 2, 2016, MetLife filed its motion for reconsideration.[8] Plaintiff opposes MetLife's motion.[9]

---

[1] R. Doc. 247.
[2] R. Doc. 210.
[3] R. Doc. 237.
[4] R. Docs. 117, 119, 121, 138, 146, 210, 215, 216.
[5] R. Doc. 237, at 39.
[6] R. Doc. 237, at 39. On July 8, 2016, the Court provided the parties with a chart specifying the claims brought against each of the Defendants. R. Doc. 209-1. The Plaintiff brings state law claims against MetLife under Louisiana Civil Code article 1906 and Louisiana Revised Statutes sections 22:655; 22:1269; 22:1892; and 22:1973. *See id* at 5.
[7] R. Doc. 245.
[8] R. Doc. 247.
[9] R. Doc. 256.

1

MetLife argues the remaining state law claims against it are preempted by the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001, *et seq.*[10] As a result, MetLife argues it is "entitled to a dismissal from this action due to Plaintiff's failure to exhaust his administrative remedies."[11] Plaintiff argues his claims for breach of contract against MetLife are not preempted by ERISA.[12] According to the Plaintiff, failure to pay constitutes a breach of contract which is unrelated to an ERISA claim.[13] For the following reasons, MetLife's motion for reconsideration[14] is **GRANTED**.

## LAW AND ANALYSIS

ERISA preemption comes in two forms: complete preemption and conflict preemption.[15] With respect to complete preemption, the Supreme Court has found that Congress intended to make ERISA Section 502 the exclusive civil enforcement remedy for violations of ERISA, and as a result, "any state-law cause of action that duplicates, supplements, or supplants the ERISA civil enforcement remedy conflicts with the clear congressional intent to make the ERISA remedy exclusive and is therefore pre-empted."[16] "A state law claim falls within the scope of ERISA and is completely preempted 'if an individual, at some point in time, could have brought his claim under ERISA § 502(a)(1)(B), and . . . there is no other independent legal duty that is implicated by a defendant's actions.'"[17] To determine whether a plaintiff's cause of action falls "within the

---

[10] R. Doc. 247, at 1.
[11] R. Doc. 247-1, at 14.
[12] R. Doc. 256, at 1. As MetLife correctly identifies, Plaintiff filed state law claims against MetLife for detrimental reliance, breach of contract and disability insurance benefits. R. Doc. 247-1.
[13] *Id.*
[14] R. Doc. 247.
[15] *Arana v. Ochsner Health Plan*, 338 F.3d 433, 437 (5th Cir. 2003) (quoting *Metro Life Ins. Co. v. Taylor*, 481 U.S. 58, 63–64 (1987)).
[16] *Aetna Health Inc. v. Davila*, 542 U.S. 200, 209 (2004)
[17] *Ctr. For Restorative Breast Surgery, L.L.C. v. Humana Health Ben. Plan of Louisiana, Inc.*, No. 10-4346, 2011 WL 1103760, at *2 (E.D. La. Mar. 22, 2011) (Fallon, J.) (quoting *Aetna Health Inc. v. Davila*, 542 U.S. 200, 210 (2004)).

scope" of ERISA § 502(a)(1)(B), the Court must examine the plaintiff's complaints, the statute upon which his claims are based, and the various plan documents.[18]

With respect to conflict preemption, § 514(a), ERISA's express preemption clause, provides ERISA "shall supersede any and all State laws insofar as they may now or hereafter relate to any employer benefit plan."[19] This provision is purposefully expansive and is intended to "ensure that employee benefit plan regulation would be exclusively a federal concern." [20] "Any state-law cause of action that duplicates, supplements, or supplants the ERISA civil law remedy conflicts with the clear congressional intent to make the ERISA remedy exclusive and is therefore pre-empted."[21] The Fifth Circuit has adopted a two-prong test for determining whether a state cause of action is preempted because it "relates to" an employee benefit plan.[22] ERISA preempts a state law claim "if (1) the state law claim address an area of exclusive federal concern, such as the right to receive benefits under the terms of an ERISA plan; and (2) the claim directly affects the relationship between the traditional ERISA entities – the employer, the plan and its fiduciaries."[23] Because ERISA preemption is an affirmative defense, defendants bear the burden of proof on both elements.[24]

In the case before the Court, MetLife appears to argue both forms of preemption apply. First, MetLife argues the Plaintiff has sued for benefits under 29 U.S.C. § 1001, *et seq.* and has stated expressly that he seeks Plan benefits.[25] As a result, MetLife argues,

---

[18] *Davila*, 542 U.S. at 210.
[19] 29 U.S.C. § 1144(a) (2006).
[20] *Davila*, 542 U.S. at 208.
[21] *Id.* at 209.
[22] *See Hubbard v. Blue Cross & Blue Shield Assoc.*, 42 F.3d 942, 945 (5th Cir. 1995).
[23] *Id.*
[24] *Bank of Louisiana v. Aetna U.S. Healthcare Inc.*, 468 F.3d 237, 242 (5th Cir. 2006) (citations omitted).
[25] R. Doc. 247-1, at 9.

"The state law damages [Plaintiff] seeks – for breach of contract and detrimental reliance – are related to the Plan under which he seeks benefits."[26] ERISA § 502(a)(1)(B) provides:

> A civil action may be brought – (1) by a participant or beneficiary – ... (B) to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan.[27]

Second, MetLife appears to argue that regardless of whether or not the claims are completely preempted under ERISA § 502, the Plaintiff's claims clearly "relate to" an ERISA plan and therefore should be preempted under ERISA § 514.[28]

The distinction between complete preemption and conflict preemption has no significance in this case. The important distinction between the two forms of preemption is that, while complete preemption can support removal because it provides federal jurisdiction, conflict preemption alone does not establish federal question jurisdiction "because conflict preemption serves as a defense to a state action."[29] In this case, Plaintiff originally filed his claims in Federal Court and, as a result, the Court is not faced with a motion to remand.

## I. **Breach of Contract**

To the extent Plaintiff alleges a state law cause of action for breach of contract, it is clear this claim is preempted by ERISA.[30] In *Metropolitan Life Ins. Co. v. Taylor*, the

---

[26] *Id.*
[27] 29 U.S.C. § 1132(a)(1)(B).
[28] *See* R. Doc. 247-1, at 14.
[29] *Giles v. NYLCARE Health Plans, Inc.*, 172 F.3d 332, 337 (5th Cir. 1999). *See also Removal Based on Federal Question Jurisdiction—Removal Based on Complete Preemption*, 14B Fed. Prac. & Proc. Juris. § 3722.2 (4th ed.) ("[C]omplete preemption does not represent merely a difference in the scope of the preemption of a state cause of action by federal law; rather, it is a difference in kind. In concluding that a claim is completely preempted, a federal court finds that Congress desired not just to provide a federal defense to a state law claim but also to replace the state law claim with a federal law claim and thereby give the defendant the ability to seek adjudication of the claim in federal court.").
[30] Plaintiff appears to allege breach of contract under Louisiana Civil Code article 1906 which is a definitional statute.

4

Supreme Court explained breach of contract claims related to an ERISA plan are both completely and conflict preempted:

> Under our decision in *Pilot Life, Ins. Co. v. Dedeaux*, Taylor's common law contract and tort claims are preempted by ERISA. This lawsuit "relate[s] to [an] employee benefit plan." It is based upon common law of general application that is not a law regulating insurance. Accordingly, the suit is preempted by § 514(a) and is not saved by § 514(b)(2)(A). Moreover, as a suit by a beneficiary to recover benefits from a covered plan, it falls directly under § 502(a)(1)(B) of ERISA, which provides an exclusive federal cause of action for resolution of such disputes.[31]

In his opposition, Plaintiff states he "executed an agreement with Met-Life for insurance protection regarding life, income, vacation, disability, retirement, and legal representation, among others, for a price which was directly deducted from his check."[32] Plaintiff argues, "MetLife failed to pay the amounts owed under the policies."[33] As a result, it is clear the Plaintiff's claim for breach of contract is in reality a claim that is both completely preempted by ERISA § 502(a)(1)(B) and also conflict preempted under ERISA § 514.

## II. **Detrimental Reliance**

Plaintiff alleges he detrimentally relied on misrepresentations made by MetLife "in their promises to [sic] under" the insurance policy.[34] The Fifth Circuit has held that ERISA does not necessarily preempt state law claims for detrimental reliance.[35] In *Marlbrough*, the court explained:

> The inquiry into whether detrimental reliance claims are preempted by ERISA turns on "whether the claim itself created a relationship between the

---

[31] *Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58, 62-63 (1987) (citing *Pilot Life Ins. Co. v. Dedeaux*, 481 U.S. 41 (1987)) (internal citations omitted) (alterations in original).
[32] R. Doc. 256-1, at 3.
[33] *Id.*
[34] *See* R. Doc. 141, at 24 ¶ 161.
[35] *Marlbrough v. Kanawha Ins. Co.*, 2012 WL 4856061, at *5 (W.D. La. Oc.t 11, 2012). *See also King v. Bluecross Blueshield of Alabama*, 439 F.App'x 386 (5th Cir. 2011) (finding Plaintiff's state detrimental reliance claim was preempted by ERISA); *Bailey v. CIGNA Ins. Co.*, 2001 U.S. Dist. LEXIS 24855 (W.D. La. 2001) (finding Plaintiff's detrimental reliance claims preempted by ERISA).

> plaintiff and the defendant that is so intertwined with the ERISA plan that it cannot be separated … [T]he extent the claim itself relates to an ERISA plan guides [a court's] determination."[36]

The *Marlbrough* court further explained, "In cases where the Fifth Circuit courts have *not* found ERISA preemption for detrimental reliance claims, typically the courts have found that ERISA preemption does not apply because the misleading activity on the part of the defendant did not relate to interpretation or administration of the plan."[37]

In *Jefferson Par. Hops. Dist. No. 2 v. Cent. States, Se. & Sw. Areas Health & Welfare Fund*, the plaintiff alleged the defendant insurance fund denied coverage and refused to pay hospital costs despite verification at the time of the injured party's admission to the hospital.[38] The court in *Jefferson Par. Hosp. Dist. No. 2* found that case distinguishable from *Hermann Hosp. v. MEBA Medical Benefits Plan*[39] in which the Fifth Circuit held the plaintiff's claims were preempted by ERISA because the hospital sued as an assignee of the patient's benefits.[40] Instead, the *Jefferson Par. Hosp. Dist. No. 2* court held that plaintiff's state law claim of detrimental reliance was not preempted because the claim neither addressed an area of exclusive concern nor directly affected the relationship among traditional ERISA entities.[41] The court concluded, "Because plaintiff bases its

---

[36] *Id.* (quoting *Hobson v. Robinson*, 75 F.App'x 949, 954 (5th Cir. 2003).

[37] *Id.* (citing *E.I. DuPont de Nemours & Co. v. Sawyer*, 517 F.3d 785, 800 (5th Cir. 2008) (finding that fraudulent inducement claim did not relate to ERISA because the claim did not require plaintiffs to prove employer's administration of plan was improper); *Smith v. Texas Children's Hospital*, 84 F.3d 152, 155 (5th Cir. 1996) (finding that the defendants' misleading statements about whether the plaintiff would retain benefits did not relate to quantum of benefits under plan, and thus ERISA did not preempt the claim; *Percle v. Performance Energy Servs., LLC*, 2011 WL 337891 (E.D. La. Jan. 31, 2011) (same)) (emphasis in original).

[38] 814 F. Supp. 25, 26 (E.D. La. 1993).

[39] 845 F.2d 1286, 1290 (5th Cir. 1988).

[40] *See* 814 F. Supp. at 26.

[41] *Id.* at 27.

6

claim on detrimental reliance, and not on recovery of the patient's benefits, the claim is not sufficiently related to the employee benefit claim," and is not preempted by ERISA.[42]

*Jefferson Par. Hosp. Dist. No. 2* is distinguishable from the case currently before this Court. In this case, Mr. McNealy filed his detrimental reliance claim as the direct beneficiary of the plan. In addition, as stated in his complaint, Mr. McNealy claims he relied on misrepresentations made by MetLife in the ERISA policy itself.[43] In this respect, Plaintiff's detrimental reliance claims are similar to breach of contract claims to recover benefits owed. As a result, Plaintiff's detrimental reliance claim, like his breach of contract claim, is in reality a claim to recover benefits due to him under the terms of his plan and therefore is completely preempted under ERISA § 502(a)(1)(B). Plaintiff's detrimental reliance claims also are conflict preempted under ERISA § 514 as the claims clearly relate to the ERISA policy in question.

### III. Other State Law Claims

Plaintiff also alleges claims under Louisiana Revised Statutes sections 22:655; 22:1269; 22:1892; and 22:1973.[44] Section 22:655 applies to unearned premium reserves; section 22:1269 applies to liability policies; section 22:1892 applies to "payment and adjustment of claims policies other than life and health and accident;" and section 22:1793 expressly states that its provisions are not applicable to claims made under health and accident policies. The Court finds any causes of action under these statutes also are preempted under ERISA as the causes of action, to the extent they exist, are based on the ERISA plan in question.

---

[42] *Id.*
[43] *See* R. Doc. 141, at 24 ¶ 161.
[44] *See* R. Doc. 209-1.

## CONCLUSION

For the foregoing reasons;

**IT IS ORDERED** that MetLife's motion for reconsideration[45] is **GRANTED**.

**IT IS FURTHER ORDERED** that MetLife's motion for summary judgment[46] is **GRANTED** and all claims against MetLife are hereby **DISMISSED WITH PREJUDICE**.

New Orleans, Louisiana, this 17th day of November, 2016.

_____
**SUSIE MORGAN**
**UNITED STATES DISTRICT JUDGE**

---

[45] R. Doc. 247.
[46] R. Doc. 210.