UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| NEWTON MCNEALY,<br>    Plaintiff | CIVIL ACTION |
| VERSUS | NO. 14-2181 |
| DARRYL J. BECNEL, ET AL.,<br>    Defendants | SECTION: "E" (2) |

## ORDER AND REASONS

Before the Court are two motions for reconsideration of their motions to dismiss filed by Defendants United Steel Workers Local Union, Local 750 ("Local Union")[1] and United Steel, Paper and Forestry, Rubber, Manufacturing, Energy, Allied Industrial and Service Workers International Union ("USW International").[2] On October 17, 2016, the Court issued its Order and Reasons[3] with respect to the Defendants' eight dispositive motions.[4] In its Order, the Court deferred ruling on Plaintiff's state law claims.[5] Following a status conference on October 28, 2016, the Court issued an order allowing Local Union and USW International to file motions to reconsider with respect to certain state law claims they believe are preempted by federal law.[6] Plaintiff Newton McNealy opposes these motions for reconsideration.[7]

Defendants Local Union and USW International argue the state law claims against them for breach of contract and negligence are preempted by Section 301 of the Labor

---

[1] R. Doc. 257.
[2] R. Doc. 258
[3] R. Doc. 237.
[4] R. Docs. 117, 119, 121, 138, 146, 210, 215, 216.
[5] R. Doc. 237, at 39. On July 8, 2016, the Court provided the parties with a chart specifying the claims brought against each of the Defendants. R. Doc. 209-1. The Plaintiff brings state law claims against Local Union and USW International under Louisiana Civil Code articles 1906, 2315, 2316, 2320, 3499 and Louisiana Revised Statutes section 9:3801. *See id.*
[6] R. Doc. 245.
[7] R. Docs. 254, 255.

1

Management Relations Act (LMRA).[8] Plaintiff argues his claims for breach of contract and negligence are independent of any collective bargaining agreement and therefore not preempted by the LMRA.[9]

For the following reasons, Local Union and USW International's motions for reconsideration[10] are **GRANTED**.

## LAW AND ANALYSIS

Defendants Local Union and USW International argue the Plaintiff's state law claims for breach of contract and negligence are preempted by Section 301 of the Labor Management Relations Act. Section 301 provides:

> Suits for violation of contracts between an employer and a labor organization representing employees in an industry affecting commerce as defined in this Act, or between any such labor organizations, may be brought in any district court of the United States having jurisdiction of the parties, without respect to the amount in controversy or without regard to the citizenship of the parties.[11]

Section 301 of the Labor Management Relations Act is codified at 29 U.S.C. § 185 and has been recognized by the Supreme Court of the United States as a "potent source of federal labor law."[12] Section 301 "provides the requisite jurisdiction and *exclusive remedy* for an individual employee covered by a collective-bargaining agreement between the individual's employer and the union representing the employees, who asserts a violation of that agreement."[13] "Generally, claims that require the interpretation of a collective bargaining agreement are preempted by the LMRA."[14]

---

[8] R. Doc. 257-1, at 3; R. Doc. 258-1, at 3.
[9] R. Doc. 254-1, at 4, 6; R. Doc. 255-1, at 4, 6.
[10] R. Docs. 257, 258.
[11] 29 U.S.C. § 185(a).
[12] *United Steelworkers of Am., AFL-CIO-CLC v. Rawson*, 495 U.S. 362, 368 (1990).
[13] *Yavorsky v. Felice Navigation, Inc.*, 2014 WL 5816999, at *2 (E.D. La. Nov. 7, 2014) (citing *Thomas v. LTV Corp.*, 39 F.3d 611, 617 (5th Cir. 1995) (emphasis added).
[14] *Vilma v. Goodell*, 917 F. Supp. 2d 591, 595 (E.D. La. 2013) (citations omitted).

As this district has explained, "Section 301 can preempt causes of action arising in both contract and tort, and such 'preemption occurs when a decision on the [other claims] is inextricably intertwined with considerations of the terms of the labor contract or when the application of [other] law to a dispute requires interpretation of the collective-bargaining agreement.'"[15] The Supreme Court has further explained "Section 301 of the LMRA governs claims founded directly on rights created by collective-bargaining agreements, and also claims substantially dependent on the analysis of a collective bargaining agreement."[16]

### I. Breach of Contract Claims

Mr. McNealy alleges a claim for breach of contract under Louisiana Civil Code article 2320.[17] As the Plaintiff explains in his opposition, "Plaintiff paid a fee to be a member of the Union in exchange [for] receiv[ing] representation as a member of the unit. The Union failed to fulfill its obligation to Mr. McNealy by refusing to address his job related concerns."[18] Plaintiff argues he "has alleged a breach of contract [claim] against the union defendant[s] which is independent of interpretation of any collective bargaining agreement."[19]

As the Court explained in its October 17, 2016 Order:

> [A]n employee's cause of action against a *union* for breach of the duty of fair representation is implied under Section 301.[20] "Because of the intricate relationship between the duty of fair representation and the enforcement of a collectively bargained contract, the two causes of action have become

---

[15] *Yavorsky*, 2014 WL 5816999, at *2 (citing *Thomas*, 39 F.3d at 616).
[16] *Catepillar Inc. v. Williams*, 48 U.S. 386, 387 (1987).
[17] *See* R. Doc. 209-1, at 1.
[18] R. Doc. 254-1, at 4; R. Doc. 255-1, at 4.
[19] *Id.*
[20] *Id.* (citing *Vaca v. Sipes*, 386 U.S. 171 (1967)).

3

'inextricably interdependent' and known as a 'hybrid § 301/fair representation suit.'"[21]

In acknowledging the fee he paid in exchange for receiving representation, Plaintiff appears to concede the duty to represent arises out of the collective bargaining agreement between his employer and the union. It is clear Mr. McNealy's claim requires interpretation of the CBA to determine whether the Union failed to represent him or represented him unfairly, or both. As the Supreme Court has explained, "any state-law cause of action for violation of collective-bargaining agreements is entirely displaced by federal law under § 301."[22] As a result, Mr. McNealy's state law claims against Local Union and USW International for alleged breach of contract are preempted by the LMRA.

## II. Tort Claims

Mr. McNealy alleges a claim for negligence under Louisiana Civil Code articles 2315 and 2316.[23] Mr. McNealy alleges Local Union and USW International were negligent in their failure to properly address his job related concerns.[24] Mr. McNealy alleges the Defendants' negligence "qualifies as independent or separate [state] causes of action" and therefore these causes of action are not preempted by the LMRA.[25]

The Supreme Court has explicitly "recognized that the preemptive force of § 301 extends beyond state-law contract actions."[26] "A state-law tort action against an employer may be pre-empted by § 301 if the duty to the employee of which the tort is a violation is

---

[21] R. Doc. 237, at 9. *Bache*, 840 F.2d at 287–88 (quoting *DelCostello v. Int'l Brotherhood of Teamsters*, 462 U.S. 151, 164–65 (1983)). "The interdependency arises from the nature of the collective bargaining agreement. If the arbitration and grievance procedure is the exclusive and final remedy for breach of the collective bargaining agreement, the employee may not sue his employer under § 301 until he has exhausted the procedure. Further, he is bound by the procedure's result unless he proves the union breached its duty of fair representation." *Daigle v. Gulf State Util. Co.*, 794 F.2d 974, 977 (5th Cir. 1986) (citations omitted).
[22] *United Steelworkers of America, AFL-CIO-CLC v. Rawson*, 495 U.S. 362, 368 (1990).
[23] *See* R. Doc. 209-1, at 1.
[24] R. Doc. 254-1, at 6; R. Doc. 255-1, at 6.
[25] *See id.*
[26] *Rawson*, 495 U.S. at 369.

created by a collective bargaining agreement and without existence independent of the agreement."[27] Any other result, "would 'allow parties to evade the requirements of § 301 by relabeling their contract claims as claims for tortious breach of contract.'"[28] As explained in *Rawson*, the Supreme Court "extended this rule of pre-emption to a tort suit by an employee against her union in *Electrical Workers v. Hechler*."[29] When the resolution of the tort claim requires a court to ascertain, first, whether the collective-bargaining agreement in fact placed an implied duty of care on the Union and second, the nature and scope of that duty, the tort claim is not sufficiently independent of the collective-bargaining agreement to withstand the preemptive force of Section 301.[30]

As explained above, Defendants Local Union and USW International's duty to defend Mr. McNealy was a consequence of a collective bargaining agreement between the unions and Mr. McNealy's employer. As a result, any tort action arising directly out of this relationship is preempted by Section 301 of the LMRA.

## CONCLUSION

For the foregoing reasons;

**IT IS ORDERED** that Local Union and USW International's motions for reconsideration[31] are **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff's state law breach of contract and tort claims against Local Union and USW International are hereby **DISMISSED** as these claims are preempted by Section 301 of the Labor Management Relations Act.[32]

---

[27] *Id.*
[28] *Id.* (quoting *Allis-Chalmers Corp. v. Lueck*, 471 U.S. 202, 211 (1985)).
[29] *Id.* (referencing *Electrical Workers v. Hechler*, 481 U.S. 851 (1987)).
[30] *Id.*
[31] R. Docs. 257, 258.
[32] To the extent any other state claims remain, the Court defers to exercise supplemental jurisdiction. It appears, however, the remaining state claims are not causes of action: (1) La. Civ. Code art. 1906

**IT IS FURTHER ORDERED** that Local Union and USW International's motions to dismiss[33] are **GRANTED IN PART** to the extent Local Union and USW International moved to dismiss Plaintiff's state law breach of contract and tort claims.

**New Orleans, Louisiana, this 17th day of November, 2016.**

_____
**SUSIE MORGAN
UNITED STATES DISTRICT JUDGE**

---

(definition of a contract); (2) La. Civ. Code. art. 3499 (statute establishing the prescriptive period for a personal action is ten years); (3) La. Rev. Stat. § 9:3801 (definitions pertaining to Uniform Fiduciaries Law).

[33] R. Docs. 117, 118, 215, 216.